**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRUCE WATERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-282-TCK-FHM |
| ) | |
| CONTINENTAL GENERAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 9).

**I.    Background**

On April 13, 2007, Plaintiff filed this action in the District Court for Rogers County, Oklahoma, alleging that Defendant wrongfully and in bad faith denied his claim for medical benefits. In his Petition, Plaintiff sought contractual damages "in excess of $10,000, actual tort damages in excess of $10,000, and punitive damages in excess of $10,000." (*See* Pet., Ex. B to Notice of Removal.) On May 14, 2007, Defendant filed a Notice of Removal wherein Defendant alleged that federal jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Plaintiff moved to remand, challenging Defendant's proof that the amount in controversy exceeds the required jurisdictional amount.

**II.   Standard**

A civil action is removable only if the plaintiffs could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light, Co.*, 495 F.2d

1

906 (10th Cir. 1974). As such, the Court strictly construes the removal statute and must resolve all doubts against removal. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

"The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000.00].'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "Thus, where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by the underlying facts." *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).

The local rules of this Court provide:

LCvR 81.3     Removal-Jurisdictional Amount

(a) Where one or more defendants seek to remove an action from state court based upon diversity of citizenship, and where the face of the state court petition does not contain an express damages clause as to at least one claim asserted by at least one plaintiff, in an amount exceeding $75,000 (exclusive of interest and costs), the notice of removal shall include either:

1. A particularized statement of facts upon which the jurisdictional amount is based set forth in accordance with applicable law; or

2. With respect to at least one plaintiff in the state court action, either a response by such plaintiff to an interrogatory or interrogatories as to the amount in controversy or an admission by such plaintiff in response to a request for admission. In either case, that plaintiff's response must state unequivocally that the damages actually sought by the plaintiff exceed $75,000.

LCvR 81.3. In its Notice of Removal, Defendant relies on LCvR 81.3(a)(1), which means Defendant must "show a particularized statement of facts upon which the amount is based set forth in accordance with applicable law."

**III.     Analysis**

Defendant has submitted the following evidence in support of its claim that the jurisdictional amount is satisfied. First, it submits the Affidavit of Bobbi Autry ("Autry"), Defendant's Director of Claims at relevant times, wherein Autry concludes that the "total medical expenses incurred by [Plaintiff] in December 2005 and for which claims related to his surgery were filed with [Defendant] is $58,153.96." (Autry Aff., Ex. A. to Notice of Removal.) Exhibit 4 to Autry's Affidavit is a 55-page exhibit documenting Plaintiff's claimed medical expenses. Second, Defendant relies on the face of Plaintiff's Petition, which seeks "actual tort damages in excess of $10,000." Third, Defendant again relies on the face of Plaintiff's Petition, which seeks "punitive damages in excess of $10,000." Defendant adds the three types of damages and concludes that the total amount sought by Plaintiff is, at a minimum, $78,153.96.

Plaintiff does not appear to dispute that $58,153.96 is a proper calculation of his contractual damage claim. (*See* Mot. to Remand 3.) Plaintiff does dispute, however, that his Petition is sufficient to prove that an additional $20,000.00 is at issue by virtue of his claims for breach of the duty of good faith and fair dealing and punitive damages. Plaintiff cites cases out of the Northern District of Oklahoma holding that state-court Petitions that merely seek in excess of $10,000 for bad faith or punitive damages claims are insufficient to show that the requisite $75,000 amount in controversy is met. *See DKNP, LLC v. Hartford Cas. Ins. Co.*, No. 06-CV-532-JHP, 2007 WL 120726 (N.D. Okla. Jan. 10, 2007) (holding that a defendant failed to provide any underlying facts supporting its assertion that a punitive damage claim exceeded $75,000 where defendant merely asserted that the maximum potential recovery under Oklahoma law exceeded $75,000); *Lightle v. Hartford Ins. Co. of Midwest*, No. 06-CV-140-CVE, 2006 WL 1047061 (N.D. Okla. April 19, 2006)

3

(holding that a request for punitive damages in excess of $10,000 on claim for bad faith was insufficient to meet the amount in controversy requirement, even considering that Oklahoma law authorizes a jury to award punitive damages in an amount equal to the greater of either $100,000 or actual damages on a claim for bad faith).

These cases are inapplicable to the facts presented in this case. In his Petition, Plaintiff delineates three specific claims for damages and attaches values in excess of $10,000 to each claim – contract damages, tort damages, and punitive damages. Because Defendant has presented evidence and underlying facts establishing that the amount of contractual damages exceeds $58,000, Defendant does not seek to establish that the other two claims have any greater value than the exact amount sought in the Petition (a minimum of $10,000 each). Therefore, unlike the defendants in *DKNP* and *Lightle,* Defendant in this case does not need to show that the tort and punitive damage claims are, in actuality, valued at greater amounts than $10,000. Instead, in calculating the total amount in controversy, Defendant assumes that such claims were worth only the minimum amount stated in the Petition – $10,000 each. Therefore, unlike the courts in *Lightle* and *DKNP*, this Court need not speculate as to the actual value of these claims or attach any greater value to the claims than the precise amounts stated in the Petition. The Court therefore rejects Plaintiff's reliance on *DKNP* and *Lightle*.

Based on the evidence presented, including the Autry Affidavit and Exhibit 4 thereto, the Court concludes that Defendant has shown by a preponderance of the evidence that Plaintiff seeks at least $58,153.96 on his claim for breach of the insurance contract. The Court further concludes that the face of Plaintiff's Petition establishes that, at a minimum, an additional $20,000 is at issue by virtue of the bad-faith tort claim and the punitive damages claim. It is proper for the Court to

aggregate these amounts in determining the amount in controversy, *see Geoffrey Macpherson, Ltd v. Brinecell*, 98 F.3d 1241, 1245 (10th Cir. 1996), and it is also proper to include amounts sought for punitive damages to the extent they are established by the face of the Petition or the underlying facts, *see Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1198 (N.D. Okla. 2004). Accordingly, Defendant has shown that the total amount in controversy exceeds $75,000, and Plaintiff's Motion to Remand (Doc. 9) is DENIED.

**ORDERED this 29th day of November, 2007.**

**TERENCE KERN
UNITED STATES DISTRICT JUDGE**