IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BRUCE WATERS,

    Plaintiff,

vs.

CONTINENTAL GENERAL
INSURANCE COMPANY,

    Defendant.

Case No. 07-CV-282-TCK-FHM

**ORDER**

Plaintiff's Motion to Compel [Dkt. 15] and Defendant's Motion for *In Camera* Inspection and Entry of Protective Order [Dkt. 19, 21] are before the undersigned United States Magistrate Judge for decision.

Plaintiff seeks an order requiring Defendant to produce the personnel files of those individuals involved in the processing of his insurance claim and their supervisors. Defendant objects to the production on the basis that the information is not relevant. Defendant further asserts that the employees have a privacy interest in the information contained in the files and that the information contained therein is proprietary and trade secret information. Defendant asks that the Court engage in an *in camera* review of the personnel files before ordering production.

In this case Plaintiff alleges that his claim for medical expenses was denied without an appropriate investigation and in violation of standard rules for handling of an insurance claim which constitutes bad faith. [Dkt. 2-4]. Plaintiff asserts that the personnel files are expected to contain information concerning the adjusters' training and job performance. The undersigned finds that this type of information is fair ground for discovery in this case. However, since the personnel files may contain sensitive personal or medical information

that is not relevant to the issues in this case, the information that must be produced is limited. Defendant is required to produce information from the personnel files which pertains to the adjusters' background, qualifications, training and job performance. Defendant is required to produce this information only for those adjusters who actually handled some aspect of Plaintiff's claim. Therefore, Defendant need not produce the foregoing information for the supervisors identified unless those supervisors participated in adjusting the claim in some manner. In addition, the information produced is subject to protection under Fed.R.Civ.P. 26(c). The information produced from the personnel files may be used in this case only and is subject to the provisions of General Order 08-11, filed May 20, 2008. Defendant's request for an *in camera* review is denied.

Plaintiff also seeks production of the claims manual in effect at the time Defendant denied Plaintiff's claims. Defendant represents it has produced the sections of the manual which pertain to Plaintiff's claim. In addition, Defendant offers to produce an index of the manual and to engage in discussions with Plaintiff regarding production of additional identified sections. Plaintiff did not file a reply brief to explain why Defendant's reasonable proposal is not acceptable. Defendant asks that the Court engage in an *in camera* review of the claims manual before ordering production.

Plaintiff's Motion to Compel is denied with respect to production of Defendant's entire claims manual. Defendant's request for an *in camera* review is denied. Defendant is required to produce an index and to engage in discussions with Plaintiff concerning production of additional sections. In addition, the Court is persuaded that the policy and procedures contained in the claims manual and index are proprietary materials subject to protection under Fed.R.Civ.P. 26(c). Therefore the index and claims manual materials

may be used in this case only.  Those materials are subject to the provisions of General Order 08-11, filed May 20, 2008.

Plaintiff's Motion to Compel [Dkt. 15] is GRANTED in part and DENIED in part as set out herein.  Defendant's Motion for *In Camera* Inspection and Entry of Protective Order [Dkt. 19, 21] is GRANTED in part and DENIED in part as set out herein.

SO ORDERED this 19th day of June, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE